**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

MAY 21 2020

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

ANTHONY JEROME MILLS,

   *Plaintiff*,

  v.

JOHN F. MCCABE JR., Judge, et al.,

   *Defendants*.

Civil Action No. 1:20-cv-01252 (UNA)

**MEMORANDUM OPINION**

  This matter, brought *pro se*, is before the Court on review of Plaintiff's Complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's action upon a determination that the complaint fails to state a claim upon which relief may be granted or is frivolous).

  Plaintiff is a Maryland state prisoner incarcerated at the Jessup Correctional Institution in Jessup, Maryland. He has sued Associate Judge John F. McCabe of the Superior Court of the District of Columbia and other individuals who participated in family court proceedings concerning the custody and visitation of Plaintiff's minor child. *See generally* Compl. for Violation of Civil Rights and Prayer for Jury Trial, ECF No. 1. Plaintiff alleges that Defendants "conspired and acted in perfect concert with" Judge McCabe to deny him due process and equal protection. *Id*. at 1. Plaintiff has included a transcript of the testimony of the child's mother who, along with her three attorneys, is also a named Defendant. Claiming discrimination, fraud, and defamation, *see id*., Plaintiff demands at least $15 million in damages, *see id*. at 17.

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).  Additionally, a complaint that "lacks an arguable basis either in law or in fact" may be dismissed as frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Judges enjoy absolute immunity from suits, such as this, based on acts taken in their judicial capacity, so long as they have jurisdiction over the subject matter.  *Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (per curiam) (citing cases).  Such "immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Therefore, a complaint against judges who have "done nothing more than their duty" is "a meritless action."  *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995).

Furthermore, to protect the integrity of the judicial process, "[t]he immunity of parties and witnesses from subsequent damages liability for their testimony in judicial proceedings [is] well established," *Briscoe v. LaHue*, 460 U.S. 325, 330–31 (1983), as is the immunity of the parties' advocates, *Butz v. Economou*, 438 U.S. 478, 512 (1978).  Therefore, this case will be dismissed because the Complaint both fails to state a claim for relief and is frivolous.  Because "the allegation of other facts consistent with the . . . pleading could not possibly cure the deficienc[ies]," *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (internal quotation marks and citations omitted), the dismissal will be with prejudice.  A separate order accompanies this Memorandum Opinion.

DATE:  May 20, 2020

CARL J. NICHOLS
United States District Judge